**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

|  |  |  |
|---|---|---|
| DISCOVER FINANCIAL SERVICES, | ) | |
| | ) | Case No. 1:12-cv-8044 |
| Plaintiff, | ) | |
| | ) | **COMPLAINT FOR** |
| v. | ) | **DECLARATORY JUDGMENT** |
| | ) | |
| JOAO BOCK TRANSACTION | ) | |
| SYSTEMS, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff Discover Financial Services ("Discover") brings this action against Defendant Joao Bock Transaction Systems, LLC ("JBTS") and complains as follows:

## THE NATURE OF THE ACTION

1.     JBTS is the purported assignee of U.S. Patent No. 6,047,270 ("the '270 patent"), entitled "Apparatus and Method for Providing Account Security" (attached as Exhibit A); U.S. Patent No. 6,529,725 ("the '725 patent"), entitled "Transaction Security Apparatus and Method" (attached as Exhibit B); and U.S. Patent No. 7,096,003 ("the '003 patent"), entitled "Transaction Security Apparatus" (attached as Exhibit C) (collectively, "the JBTS Patents").

2.     JBTS has communicated to Discover its intention to assert its rights under the JBTS Patents by pursuing claims of infringement against Discover based on Discover's ongoing and/or planned activities. Discover does not infringe and has not infringed the JBTS Patents, and therefore has a right to engage in the complained-of activity. As a result of JBTS's actions, Discover risks a suit for infringement by engaging in the complained-of activity, and therefore seeks a declaration of its legal rights. Moreover, the JBTS patents are invalid. Discover

brings this action to obtain declaratory judgments of non-infringement and invalidity of the JBTS Patents.

## THE PARTIES

3.      Plaintiff Discover is a corporation organized under the laws of the State of Delaware, with its headquarters and principal place of business located at 2500 Lake Cook Road, Riverwoods, Illinois 60015.

4.      On information and belief, JBTS is a Limited Liability Corporation organized under the laws of the State of Delaware and is located at 122 Bellevue Place, Yonkers, New York 10703.

## JURISDICTION AND VENUE

5.      This action arises under the patent laws of the United States, 35 U.S.C. §§ 101 *et seq.*

6.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

7.      This Court has personal jurisdiction over JBTS. JBTS filed and currently maintains a patent infringement suit against nineteen different banks in the Northern District of Illinois, alleging infringement of the '270 patent due to these banks offers of services. *See* Case No. 11-06472.

8.      This Court can enter the declaratory relief sought in this Complaint because an actual case and controversy exists between the parties within the scope of this Court's jurisdiction pursuant to 28 U.S.C. § 2201. An actual case and controversy exists because, on or about August 10, 2012, and September 7, 2012, JBTS communicated to Discover its intention to assert its rights under the JBTS Patents by pursuing claims of infringement against Discover based on Discover's ongoing and/or planned activities. Discover does not infringe and has not infringed

2

the JBTS Patents, and therefore has a right to engage in the complained-of activity. As a result of JBTS's actions, Discover risks a suit for infringement by engaging in the complained-of activity.

9.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) and (c).

## GENERAL ALLEGATIONS

10.      Discover is informed and believes on that basis and alleges that JBTS is the assignee of the JBTS Patents. On information and belief, the documents attached to this Complaint as Exhibits A through C are true and correct copies of the JBTS Patents.

11.      On or about August 10, 2012, and September 7, 2012, JBTS communicated to Discover its intention to assert its rights under the JBTS Patents by pursuing claims of infringement against Discover based on Discover's ongoing and/or planned activities relating to the Discover Business Card.

12.      Discover does not infringe and has not infringed, either directly, contributorily, or by inducement, any valid and enforceable claim of the JBTS Patents, either literally or under the doctrine of equivalents.

13.      As a result of JBTS's actions, Discover risks a suit for infringement by engaging in the complained-of activity.

## FIRST CAUSE OF ACTION – COUNT I

(Declaratory Judgment of Non-Infringement of the '270 patent)

14.      Discover realleges and incorporates by reference paragraphs 1 through 13, inclusive, as though fully set forth in this paragraph.

15.      Discover does not make, use, offer for sale, sell, import, or export, and has not ever made, used, offered to sell, sold, imported, or exported, a method, device, or apparatus

that infringes, either directly, contributorily, or by inducement, any valid and enforceable claim of the '270 patent, either literally or under the doctrine of equivalents.

16.     There is an actual controversy, within the meaning of 28 U.S.C. §§ 2201 and 2202, between Discover and JBTS concerning the non-infringement of the '270 patent.

17.     Discover is entitled to a declaratory judgment that it does not infringe, either directly, contributorily, or by inducement, any valid and enforceable claim of the '270 patent, either literally or under the doctrine of equivalents.

## SECOND CAUSE OF ACTION – COUNT II

(Declaratory Judgment of Invalidity of the '270 patent)

18.     Discover realleges and incorporates by reference paragraphs 1 through 13, inclusive, as though fully set forth in this paragraph.

19.     Upon information and belief, JBTS contends that the '270 patent is valid.

20.     Discover denies JBTS's contention and alleges that the '270 patent is invalid. The '270 patent is invalid for failure to meet at least one of the conditions of patentability specified in Title 35 of the United States Code. No claim of the '270 patent can be validly construed to cover any products and/or services imported, made, used, sold or offered for sale by Discover.

21.     An actual controversy thus exists between Discover and JBTS as to whether the '270 patent is valid.

22.     Accordingly, Discover seeks and is entitled to a judgment against JBTS that the '270 patent is invalid.

## THIRD CAUSE OF ACTION – COUNT III

(Declaratory Judgment of Non-Infringement of the '725 patent)

23.     Discover realleges and incorporates by reference paragraphs 1 through 13, inclusive, as though fully set forth in this paragraph.

24.     Discover does not make, use, offer for sale, sell, import, or export, and has not ever made, used, offered to sell, sold, imported, or exported, a method, device, or apparatus that infringes, either directly, contributorily, or by inducement, any valid and enforceable claim of the '725 patent, either literally or under the doctrine of equivalents.

25.     There is an actual controversy, within the meaning of 28 U.S.C. §§ 2201 and 2202, between Discover and JBTS concerning the non-infringement of the '725 patent.

26.     Discover is entitled to a declaratory judgment that it does not infringe, either directly, contributorily, or by inducement, any valid and enforceable claim of the '725 patent, either literally or under the doctrine of equivalents.

## FOURTH CAUSE OF ACTION – COUNT IV

(Declaratory Judgment of Invalidity of the '725 patent)

27.     Discover realleges and incorporates by reference paragraphs 1 through 13, inclusive, as though fully set forth in this paragraph.

28.     Upon information and belief, JBTS contends that the '725 patent is valid.

29.     Discover denies JBTS's contention and alleges that the '725 patent is invalid. The '725 patent is invalid for failure to meet at least one of the conditions of patentability specified in Title 35 of the United States Code. No claim of the '725 patent can be validly construed to cover any products and/or services imported, made, used, sold or offered for sale by Discover.

30.     An actual controversy thus exists between Discover and JBTS as to whether the '725 patent is valid.

31.     Accordingly, Discover seeks and is entitled to a judgment against JBTS that the '725 patent is invalid.

### FIFTH CAUSE OF ACTION – COUNT V

(Declaratory Judgment of Non-Infringement of the '003 patent)

32.     Discover realleges and incorporates by reference paragraphs 1 through 13, inclusive, as though fully set forth in this paragraph.

33.     Discover does not make, use, offer for sale, sell, import, or export, and has not ever made, used, offered to sell, sold, imported, or exported, a method, device, or apparatus that infringes, either directly, contributorily, or by inducement, any valid and enforceable claim of the '003 patent, either literally or under the doctrine of equivalents.

34.     There is an actual controversy, within the meaning of 28 U.S.C. §§ 2201 and 2202, between Discover and JBTS concerning the non-infringement of the '003 patent.

35.     Discover is entitled to a declaratory judgment that it does not infringe, either directly, contributorily, or by inducement, any valid and enforceable claim of the '003 patent, either literally or under the doctrine of equivalents.

### SIXTH CAUSE OF ACTION – COUNT VI

(Declaratory Judgment of Invalidity of the '003 patent)

36.     Discover realleges and incorporates by reference paragraphs 1 through 13, inclusive, as though fully set forth in this paragraph.

37.     Upon information and belief, JBTS contends that the '003 patent is valid.

38.     Discover denies JBTS's contention and alleges that the '003 patent is invalid. The '003 patent is invalid for failure to meet at least one of the conditions of patentability specified in Title 35 of the United States Code. No claim of the '003 patent can be validly construed to cover any products and/or services imported, made, used, sold or offered for sale by Discover.

39.     An actual controversy thus exists between Discover and JBTS as to whether the '003 patent is valid.

40.     Accordingly, Discover seeks and is entitled to a judgment against JBTS that the '003 patent is invalid.

## **PRAYER FOR RELIEF**

WHEREFORE, Discover prays for judgment against JBTS as follows:

A.      For a declaration that Discover does not infringe, either directly, contributorily, or by inducement, any valid and enforceable claim of the '270 patent, either literally or under the doctrine of equivalents;

B.      For a declaration that the '270 patent is invalid;

C.      For a declaration that Discover does not infringe, either directly, contributorily, or by inducement, any valid and enforceable claim of the '725 patent, either literally or under the doctrine of equivalents;

D.      For a declaration that the '725 patent is invalid;

E.      For a declaration that Discover does not infringe, either directly, contributorily, or by inducement, any valid and enforceable claim of the '003 patent, either literally or under the doctrine of equivalents;

F.      For a declaration that the '003 patent is invalid;

G.      For a declaration that Discover's case against JBTS is an exceptional case within the meaning of 35 U.S.C. § 285;

H.      For an order awarding costs and attorneys' fees to Discover; and

I.      For such other relief as this Court deems just and proper.

October 9, 2012

Respectfully submitted,

 /s/ Michael R. Osterhoff
Michael R. Osterhoff (IL Bar No. 6244728)
Email:  michael.osterhoff@klgates.com
Heather A. Boice (IL Bar No. 6271965)
Email:  heather.boice@klgates.com
Nolan R. Hubbard (IL Bar No. 6294332)
Email:  nolan.hubbard@klgates.com
K&L GATES LLP
70 W. Madison Street, Suite 3100
Chicago, IL  60602-4207
Phone: 312-372-1121
Fax:  312-827-8000

**Attorneys for Plaintiff**
**Discover Financial Services**